# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4433 | **DATE** | 10/30/2001 |
| **CASE TITLE** | CRUZ CERVANTES, ET AL vs. METROPOLITAN ENFORCEMENT GROUP, | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (3-1 and 3-2) to dismiss and for more definite statement is granted/denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 01 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 OCT 31 AM 9:25 | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |


DOCKETED
NOV 0 1 2001

CRUZ CERVANTES, et al.,

    Plaintiffs,

v.

METROPOLITAN ENFORCEMENT
GROUP ("MEG"), et al.,

    Defendants.

No. 01 C 4433
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiffs are seventeen residents of a three-flat house located at 1018 Lincoln Street, North Chicago, Illinois. On a September evening in 1999, fourteen plainclothes officers, all members of the Metropolitan Enforcement Group of Lake County ("MEG"), broke down the doors to plaintiffs' apartments. As young children looked on, defendants forced the adult residents to the floor. Some were handcuffed. Others had guns pointed at their heads. The apartments were searched – plaintiffs say "ransacked" – presumably for drugs or drug-related items. One woman was injured when an officer kicked in the door to her bedroom where she hid with her baby. No defendant identified himself as a police officer, and no explanation was given for the officers' presence, either during or after the raid.

Plaintiffs later learned that the MEG officers had a search warrant, but, they say, the warrant only gave defendants the authority to search the premises of a single tenant who occupied a second-floor apartment in the building. There were numerous indications from outside the building – mailboxes and the like – that this was a multiple-dwelling residence, and plaintiffs argue that reasonable officers would have recognized it as such. The raid is now the

subject of this multiple-count lawsuit. Before me is the officer defendants' motion to dismiss the Amended Complaint.

A.   ELEVENTH AMENDMENT IMMUNITY

Defendants ask me to dismiss the official capacity claims against the individual defendants on Eleventh Amendment grounds. The Eleventh Amendment bars suits for damages against states, but it does not extend to employees of counties and similar municipal corporations. Whether an officer is a state or a local employee is not an "all or nothing" determination. *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 975 (7th Cir. 2000). An officer may be a state employee when he performs certain functions and a local employee when he performs others. *Id.*

In this particular case, the Eleventh Amendment determination is somewhat complex. The parties agree that the Lake County MEG is a local entity, and I concur in this assessment.[1] Defendants nonetheless maintain that by virtue of their assignment to the MEG, they were acting as state officials during the raid. They offer two grounds for their argument.

The first – that defendants are state employees because they are covered by the State Employees Indemnification Act, 5 ILCS 350/1 – is not determinative. As plaintiffs point out, the Act provides that the definition of state "employee" contained therein is only for "purposes of

---

[1] Under Illinois law, a MEG "means a combination of units of *local* government established . . . to enforce the drug laws of this State." See 30 ILCS 715/1 *et seq.* (emphasis added). The defendants who participated in the MEG raid were paid by local governments; the Lake County MEG serves only Lake County; and the MEG is governed by a board comprised of an elected official and the chief law enforcement officer from each participating unit of local government. These characteristics have led other courts to find that MEGs are local entities. *See, e.g., Neal v. City of Harvey*, 1 F.Supp.2d 849 (N.D. Ill. 1988); *Collins v. Northeastern Metropolitan Enforcement Group*, 1991 WL 93495 (N.D. Ill. 1991).

this Act." *Id.* And the Illinois Supreme Court has found that the Act's designation of state employees is not conclusive for Eleventh Amendment purposes. *See Nichol v. Stass,* 735 N.E.2d 582 (Ill. 2000) (provision of State Employee Indemnification Act that terms foster parents "employees" does not establish foster parents' status as state employees for purposes of sovereign immunity).

Defendants' second argument – that MEG units function as an arm of the Illinois State Police – fares better. Under Illinois law, the Department of State Police has the authority to "coordinate the operations of all MEG units," and to "establish such reasonable rules and regulations and conduct those investigations the Director deems necessary." 30 ILCS 715/5. MEGs are required to report their activities to the Governor and the General Assembly. 20 Ill. Admin. Code 1220.130(a). And MEG agents must adhere to the Department's standards of conduct. See 20 Ill. Admin. Code 1230.120(e)(f)(g). Typically, limited state oversight of local functions will not convert local employees into state employees. S*ee DeGenova,* 209 F.3d at 976. In this case, however, the Department's authority over MEGs is quite broad. When taken in conjunction with the Indemnification Act, these provisions strongly suggest that MEG agents participating in a drug raid act on behalf of the State of Illinois. The official capacity claims against the individual defendants are dismissed.

### B. SUPERVISORY LIABILITY

Plaintiffs bring suit under § 1983 against defendants Lemming and Piccoli, the Director and Deputy Director of the Lake County MEG.

To establish a claim against a supervisory official, plaintiffs must show either that the conduct causing the constitutional violation occurred at the official's direction, or that the official

3

acted with deliberate indifference towards plaintiffs' rights. *See McPhaul v. Board of Com'rs of Madison County*, 226 F.3d 558, 566 (7th Cir. 2000); *Rascon v. Hardiman*, 803 F.2d 269. 274 (7th Cir. 1986). Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable under § 1983.

I find that the Amended Complaint contains more than mere allegations of negligence. Accepting plaintiffs' account, as I must, Lemming and Piccoli "knew of the illegal search of 1018 S. Lincoln, and approved and condoned it." There are also allegations that defendants failed to train their officers in how to execute a search warrant. The supporting facts are admittedly on the slim side, but taking them in the light most favorable to plaintiffs, there is enough to proceed. *See Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997) (cautioning the district court against "jumping the gun" by dismissing a well-pleaded failure to train claim before the plaintiff has a chance to develop the record). Plaintiffs' allegations may well fall short at summary judgment. *See Hayden v. Grayson*, 134 F.3d 449, 456 (1st Cir. 1998) ("the liability criteria for failure to train claims are exceptionally stringent . . .") I will not, however, dismiss them on the pleadings.

### C. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

As for the intentional infliction of emotional distress claim, contrary to defendants' argument, plaintiffs do allege "extreme emotional distress and humiliation." See Pl.'s Amended Complaint p. 8. The other elements (extreme and outrageous conduct, intent, and causation) are all adequately alleged. *See Doe v. Calumet City*, 641 N.E.2d 498, 506 (Ill. 1994).

**D.     CONCLUSION**

The motion to dismiss is granted in part and denied in part. The official capacity claims are dismissed as against the individual defendants. I withhold any ruling on defendant MEG's motion to dismiss until plaintiffs have a chance to respond.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 10/30/01